# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|                                         |     |                            |
|-----------------------------------------|-----|----------------------------|
| DELAWARE HUMAN AND CIVIL RIGHTS COMMISSION | )   |                            |
|                                         | )   |                            |
| Plaintiff *ex. rel.*,                   | )   |                            |
|                                         | )   |                            |
| GABRIELLE MILLAR,                       | )   |                            |
|                                         | )   |                            |
| Relator,                                | )   | C.A. No. N24C-02-153 EMD   |
|                                         | )   |                            |
| v.                                      | )   |                            |
|                                         | )   |                            |
| GREENBRIER CONDOS, L.L.C. and DELAWARE PROPERTY MANAGEMENT, L.L.C., | )   |                            |
|                                         | )   |                            |
| Defendants.                             | )   |                            |

Submitted: May 14, 2024
Decided: August 6, 2024

*Upon Consideration of*
*Defendants' Motion to Dismiss Plaintiff's Complaint*
***DENIED in part and RESERVED in part pending oral argument.***

Kemba S. Lydia-Moore, Esquire, DAG, Delaware Department of Justice, Wilmington, Delaware. *Attorney for Plaintiff Delaware Human and Civil Rights Commission.*

Donald L. Gouge, Jr., Esquire, Donald J. Gouge, Jr., LLC, Wilmington, Delaware. *Attorney for Defendants Greenbrier Condos, L.L.C. and Delaware Property Management Company, L.L.C.*

**DAVIS, J.**

## I.    INTRODUCTION

This is a civil discrimination action under the Delaware Fair Housing Act ("DFHA").[1]

Plaintiff Delaware Human and Civil Rights Commission (the "Commission") filed a complaint

(as subsequently amended, the "Amended Complaint"),[2] alleging that Defendants Greenbrier

---

[1] 6 Del. C. §§ 4600 *et seq.*
[2] D.I. No. 5 (hereinafter "Am. Compl.").

Condos, L.L.C. ("Greenbrier Condos") and Delaware Property Management, L.L.C. ("DPM" and with Greenbrier Condos, "Defendants") discriminated against Relator Gabrielle Millar. The Commission contends that Greenbrier Condos and DPM made housing unavailable to Ms. Millar due to Ms. Millar's disability.

The Amended Complaint contains three claims under the DFHA. The Commission alleges that Defendants violated Section 4603(b)(1) ("Count I") and Section 4603(b)(2) ("Count II") of the DFHA by refusing to rent to Ms. Millar.[3] In addition, the Commission maintains that Defendants failed to accommodate relator Ms. Millar's request for reasonable accommodations in violation of Section 4603A(a)(2) ("Count III") of the DFHA.[4]

On April 15, 2024, Defendants moved to dismiss (the "Motion") the Amended Complaint (the "Motion").[5] Defendants argue that (i) the Amended Complaint should be dismissed because the Attorney General failed to pursue this civil action within the deadline proscribed by the applicable statute; and (ii) Counts I and III should be dismissed as the Commission has not been charged by the Division of Human and Civil Rights (the "Division") to pursue those claims under DFHA.[6]

For the reasons stated below, the Court **DENIES** the Motion as it relates to timeliness of the filing of this civil action. In addition, the Court **RESERVES** decision on whether Counts I and III should be dismissed as exceeding the scope of the Commission's charge. The parties should contact Chambers to schedule oral argument on this remaining issue.

---

[3] Am. Compl. ¶¶ 51-55.
[4] *Id*. ¶¶ 56-59/
[5] Defs. Mot. to Dismiss (hereinafter "Mot.") (D.I. No. 11).
[6] *See generally id.*

## II.    RELEVANT FACTS

### A. THE PARTIES

#### 1.  Plaintiffs

The Commission is an agency of the State of Delaware. Delaware law charges the Commission with administering the DFHA.[7]

Ms. Millar is a Delaware resident who "did not have a permanent residence and fluctuated between living at her friend's and mother's homes."[8] Ms. Millar is a disabled person.[9] Ms. Millar has an emotional support animal ("ESA") and preferred to lease a first-floor apartment because she has difficulty walking. [10]

#### 2.  Defendants

Greenbrier Condos is a Delaware corporation.[11] Greenbrier condos owns Greenbrier Village Apartments ("Greenbrier Village"), which is a residential community consisting of apartments available for lease.[12] Greenbrier Village is located at 101 Brier Avenue, Wilmington, DE 19801.[13]

DPM is a Delaware corporation.[14] DPM is a property management company located in Newark, Delaware.[15] During all relevant times, DPM was the property management company for Greenbrier Village.[16]

---

[7] Am. Compl. ¶ 1.
[8] Id. ¶ 9.
[9] *Id.* ¶ 35.
[10] *Id.* ¶ 10.
[11] *Id.* ¶ 3.
[12] *Id.* ¶ 4.
[13] *Id.*
[14] *Id.* ¶ 5.
[15] *Id.* ¶ 6.
[16] *Id.* ¶ 7.

3

## B. RELEVANT FACTS

The facts concerning Ms. Millar's attempts to rent an apartment at Greenbrier Village[17] are not relevant to the legal issues raised in the Motion. The Amended Complaint lays out facts that, if taken as true, could constitute valid claims against the Defendants.[18]

On May 12, 2023, the Division issued written findings that reasonable cause existed to conclude that Defendants violated Section 4603(b)(3) and Section 4603(b)(2) of the DFHA.[19] The Division also found that Defendants violated federal law, specifically 42 U.S.C. § 3604(c) and 42 U.S.C. § 3604(b).[20] The director of the Division (the "Director") concluded that no reasonable cause existed as to three other violations.[21]

On May 23, 2023, the Director informed Defendants that the Division had issued a charge, under DFHA 4610(f), that Defendants had violated the federal Fair Housing Act and the DFHA.[22] The Division appraised the parties of their right to have the claims asserted in the Charge decided in this Court or through an administrative hearing.[23] On June 1, 2023, the Director issued a charge against Defendants alleging two violations of the DFHA—Section 4603(b)(3) and Section 4603(b)(2).[24]

On July 6, 2023, the Director sent a letter to the Delaware Department of Justice (the "DOJ").[25] The Director informed DOJ that the "parties have elected to have this case 'heard/decided through a Civil Action' pursuant to 6 Del. C. § 4610(g)."[26] The Director

---

[17] *Id.* ¶¶ 10-49.
[18] *Id.* ¶¶ 41-50.
[19] Written Findings (D.I. No. 11, Ex. A).
[20] *Id.*
[21] *Id.*
[22] D.I. No. 11, Ex. B.
[23] *Id.*
[24] D.I. No. 11, Ex. C.
[25] D.I. No. 11, Ex. D.
[26] *Id.*

authorized referral of the matter to the DOJ.[27]

The Commission, through the DOJ, initiated this civil action on February 14, 2024.[28]

## III.    STANDARD OF REVIEW

Upon a motion to dismiss, the Court (1) accepts all well-pled factual allegations as true, (2) accepts even vague allegations as well-pled if they give the opposing party notice of the claim, (3) draws all reasonable inferences in favor of the non-moving party, and (4) only dismisses a case where the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[29]  However, the court must "ignore conclusory allegations that lack specific supporting factual allegations."[30]

## IV.    DISCUSSION

### A. DFHA 4612(N) DOES NOT BAR THE AMENDED COMPLAINT'S CLAIMS.

Defendants argue that the Amended Complaint should be dismissed because the Commission did not pursue this civil action within the timeframe set out in Section 4612(n).[31] Defendant contends that the Commission had thirty days from July 6, 2023 to file suit.[32]  The Commission counters, arguing that Section 4612(n) does not impose a thirty-day timeline for commencing suit.[33]

Section 4612(n) provides in part:

*Civil Action for enforcement when election is made for such civil action.*—

    (1) if an election is made under subsection (a) of this section, the commission
         shall authorize a civil action on behalf of the aggrieved person or persons in

---

[27] *Id.*
[28] Complaint (D.I. No. 1).
[29] See *Central Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 227 A.3d 531, 536 (Del. 2011); *Doe v. Cedars Academy*, 2010 WL 5825353, at *3 (Del. Super. Oct. 27, 2010).
[30] *Ramunno v. Crawley*, 705 A.2d 1029, 1034 (Del. 1998).
[31] Mot. at 9.
[32] *Id.* at 11-12.
[33] Pls. Resp. to Defs. Mot. to Dismiss ¶ 8 (hereinafter "Resp.") (D.I. No. 14).

the county in which the discriminatory practice alleged to have occurred. The commission shall immediately refer the matter to the attorney general for appropriate action.

(2) Not later than 30 days after the Commission's referral, the Attorney General in the absence of any conflict of duty shall pursue a civil action on behalf of the Commission in the name of the aggrieved person or persons.

(3) If the Attorney General does not commence a civil action, the Commission shall employ a special counsel to pursue such action in accordance with §2507 of title 29. Whenever a civil action under this subsection will be pursued by a special counsel, such action shall be commenced promptly after the commission employs such counsel.[34]

The Court finds that Defendants' interpretation of Section 4612(n) does not track with the unambiguous language of the statute. Section 4612(n) does not require the Attorney General to file suit within thirty days of the Commission's referral. Instead, Section 4612(n) requires the Attorney General (*i.e.*, the DOJ), in the absence of conflict, to "pursue" a civil action withing thirty days of a referral from the Commission.

"Pursue," as defined by Merriam-Webster, means "to find or employ measures to obtain or accomplish," "to proceed along," or "to engage in."[35] Using this plain meaning, the Court finds that it is evident that the General Assembly wanted the word "pursue" to mean "to proceed along or engage in." This is especially true given that the words "commence a civil action" is not used in Section 4612(n)(2) but rather in Section 4612(n)(3). Moreover, Section 4612(n)(3) does not set a deadline other than to say that "such action shall be commenced *promptly* after the Commission employs such counsel."[36]

---

[34] 6 Del. Code §4612(n).
[35] *Pursue*, MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/pursue (last visited Aug. 4, 2024).
[36] 6 Del. C. § 4612(n) (emphasis added).

When the Commission referred the action to the Attorney General, Section 4612(n)(2) required the DOJ to begin pursuit of a civil action within thirty days. This could include determining whether a conflict exists, undertaking due diligence and alike. Section 4612(n)(2) does not provide that the DOJ file a complaint within thirty days. If the Attorney General decides not to file suit, the Commission is empowered to employ special counsel to pursue an action. The special counsel is to commence suit promptly. The Court reads the statue to require the DOJ to begin action on the matter within thirty days after the Commission makes a referral or charge.

Additionally, the General Assembly amended Section 4612(n) in 1994.[37] The amendment removed "commenced promptly" language from Section 4612(n)(2). The removal of this language supports a finding that there is no hard deadline—*e.g.*, thirty days—by which the DOJ must commence a civil action in this Court. Now, DFHA mentions commencing an action only in connection with the retention of special counsel.

At this stage in the proceedings, the Court finds there are no facts that show that the DOJ did not begin pursuing a civil action within thirty days from when the Director authorized referral of the matter to the DOJ. Accordingly, the Court DENIES the Motion as it relates whether this action is time barred.[38]

---

[37] *6 Del. Code Ann. §4612 (1969), amended by* 6 Del. Code Ann. §4612 (2005 Replacement Vol.).

[38] *See, e.g., Delaware Human and Civil Rights Comm'n v. Schell Bros., LLC*, 2023 WL 6793185, at *2 (Del. Super. Oct. 13, 2023) (denying motion to dismiss in situation where complaint filed by special counsel nine months after charge and two months after DOJ determined that it had a conflict). Defendants attempt to distinguish *Schell* as it deals with prompt commencement by the special counsel. *Id*. However, if Defendants' legal argument were applied to the facts in *Schell*, the Court should have dismissed that matter as the DOJ had the Commission's change for over seven months before determining that a conflict existed. *Id*. Then, two months later, the Commission retained special counsel. *Id*.

**B. THE COURT ORDERS DEFENDANTS TO FILE A REPLY BRIEF ON THEIR DFHA 4612(A) ARGUMENT.**

Next, Defendants contend that Counts I and III must be dismissed because those claims were not included within the Commission's charge to the Attorney General.[39] Defendants rely on the language of Section 4612(a) but cite no additional authority for their position that a complaint filed in the Court cannot exceed the scope of the Commission's charge.

The Commission contends that Count I and III are valid because the charges are reasonably related to the claims filed with the Commission.[40] Moreover, the Commission argues that Counts I and III are valid claims because the scope of the Amended Complaint is only limited by the Commission's charge and the "investigation which can reasonably be expected to grow out of that charge."[41] The Commission relies on *Rhode Island Commission for Human Rights v. Graul*[42] to support its argument.

The Court has not found any Delaware decisions addressing this issue. Defendants make their argument on the language of the statute but refer to no authority interpreting this statute or a comparable statute. The Commission's reliance on *Graul* seems factually distinguishable  As this may be a case of first impression, the Court will set a hearing and hear oral argument on this remaining issue.

---

[39] Mot. at 14-15.
[40] Resp. ¶ 17.
[41] Id. ¶¶ 17-19.
[42] 120 F. Supp. 3d 110 (D.R.I. 2015).

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** in part the Motion and **RESERVES** decision on dismissal of Counts I and III under DFHA 4216(a) pending a hearing and oral argument.

**IT IS SO ORDERED.**

Dated: August 6, 2024
Wilmington, Delaware

/s/ Eric M. Davis

Eric M. Davis, Judge

cc: File&ServeXpress